UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND GRANT PARKMAN,

    Plaintiff,

v.                                Case No: 8:23-cv-02952-KKM-AEP

STATE OF CALIFORNIA, and
DAVID A. HUBBERT,
Deputy Assistant Attorney General,

    Defendants.
_____

## ORDER

Plaintiff Raymond Grant Parkman sues the State of California and a Deputy Assistant Attorney General seeking to compel the provision of certain tax documents. *See generally* Compl. (Doc. 1). Because the complaint is an impermissible shotgun pleading, the Court dismisses it without prejudice. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." And "[i]f doing so would

promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." FED. R. CIV. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has explained that such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint

2

that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

  Parkman's complaint is a prototypical shotgun pleading. Specifically, the complaint commits "the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See id.* at 1322 (footnote omitted); *see generally* Compl. (Doc. 1). Indeed, it is unclear what cause of action Parkman intends to assert, much less what alleged facts support that cause of action. The complaint also commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323 (footnote omitted); *see* Compl. (naming both the State of California and a Deputy Assistant Attorney General as defendants without identifying any cause of action or explaining how either defendant's conduct renders them specifically responsible). Finally, the complaint is "replete with 'the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement.' " *See Bey v. United States*, No. 8:23-cv-1972-

3

TPB-UAM, 2023 WL 5956978, at *1 (M.D. Fla. Sept. 13, 2023) (quotations omitted). "The arguments and legal theories espoused by sovereign citizens have been consistently rejected as 'utterly frivolous, patently ludicrous, and a waste of the court's time, which is being paid by hard-earned tax dollars.' " *Id.* (quotations omitted). In sum, Parkman's complaint is so "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *Weiland*, 792 F.3d at 1322, that it fails to give anyone—Defendants or the Court—"adequate notice of the claims . . . and the grounds upon which each claim rests," *id.* at 1323.

Parkman is encouraged to consult the Middle District of Florida's website and its "Litigants without Lawyers" section for questions about proceeding with his case. *See* https://www.flmd.uscourts.gov/litigants-without-lawyers.

Accordingly, the following is **ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. By **January 31, 2024**, Plaintiff may file an amended complaint consistent with the directives of this Court's orders and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and the Local Rules. Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice. Additionally, if Plaintiff submits another frivolous or shotgun pleading, this action will be dismissed without further notice.

**ORDERED** in Tampa, Florida, on January 17, 2024.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge